1  Raymond E. Hane III, (SBN 149960)
   E-mail: rhane@bwslaw.com
2  Cheryl Johnson-Hartwell, (SBN 221063)
   E-mail: cjohnson-hartwell@bwslaw.com
3  BURKE, WILLIAMS & SORENSEN, LLP
   444 South Flower Street, Suite 2400
4  Los Angeles, CA 90071-2953
   Tel: 213.236.0600     Fax: 213.236.2700
5
   Attorneys for Defendants
6  WAL-MART STORES, INC.

7

```
               FILED
CLERK, U.S. DISTRICT COURT

     JUL 2 8 2011
      3:30

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY
```

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  SHIRLEY BAZURTO, an individual        Case No. CV11-6252-ODW (SSx)

12                    Plaintiff,          DEFENDANT WAL-MART
                                          STORES, INC.'S NOTICE OF
13  v.                                    REMOVAL; DECLARATION OF
                                          CHERYL JOHNSON-HARTWELL
14  WAL-MART STORES, INC., a
    corporation doing business in
15  California; SANDRA PARKER, an
    Individual; DOES 1 through 100,       [28 U.S.C. §§ 1331, 1332, 1441, 1446]
16  Inclusive,

17                    Defendants.

18

19

20

21

22

23

24

25

26

27

28

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF SHIRLEY BAZURTO AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Wal-Mart Stores, Inc. ("Defendant") hereby removes the state action described herein, filed in the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. sections 1331, 1332, 1441, and 1446. This case is being removed upon federal question jurisdiction and complete diversity of citizenship. The grounds for removal are as follows.

**I.   PROCEDURAL HISTORY**

1.     On June 24, 2011, an action was commenced in the Superior Court of the State of California, County of Los Angeles, entitled, *Shirley Bazurto v. Wal-Mart Stores, Inc. et al.*, and docketed as Case No. BC464229.

2.     The Complaint alleges three causes of action: (1) retaliation for taking CFRA/FMLA leave under California Government Code sections 12940 and 12945(1) and 29 U.S.C. section 2601 *et seq.*; (2) wrongful termination in violation of public policy; and (3) intentional infliction of emotional distress. A true and correct copy of the Complaint is attached hereto as Exhibit "A" pursuant to 28 U.S.C. § 1446(a).

3.     On June 28, 2011, copies of the Complaint and a Summons, along with a Civil Case Cover Sheet, Notice of Case Assignment, an ADR Information Package and Voluntary Efficient Litigation Stipulations were served on Defendant Wal-Mart Stores, Inc. True and correct copies of the Summons, Civil Case Cover Sheet, Notice of Case Assignment, ADR Information Package and the Voluntary Efficient Litigation Stipulations for Defendant Wal-Mart Stores, Inc. are attached hereto as Exhibit "B" pursuant to 28 U.S.C. § 1446(a).

4.     On July 27, 2011, Defendant Wal-Mart Stores, Inc. filed its Answer to Plaintiffs Complaint and its Peremptory Challenge in the Superior Court of the

1  County of Los Angeles.  True and correct conformed copies of the Answer to

2  Plaintiff's Complaint and Defendant's Peremptory Challenge are attached hereto as

3  Exhibit "C" pursuant to 28 U.S.C. § 1446(a).

4      5.      Pursuant to 28 U.S.C. section 1446(a), the attached exhibits constitute

5  all process, pleadings, and orders served upon Defendant Wal-Mart Stores, Inc.

6  (Declaration of Cheryl Johnson-Hartwell ("Johnson-Hartwell Decl.") at ¶ 4).

7      6.      Individual defendant Sandra Parker, who has not been served, consents

8  to this Removal. (Johnson-Hartwell Decl. at ¶ 6).

9  **II.    TIMELINESS OF REMOVAL**

10     7.      This Notice of Removal is timely in that it is filed within thirty (30)

11  days from June 28, 2011, the date Defendant Wal-Mart Stores, Inc. was served with

12  the Summons and Complaint. 28 U.S.C. § 1446(b).

13     8.      This Notice of Removal is also timely because it is filed within one (1)

14  year of the date the action was originally filed on June 24, 2011.  28 U.S.C. §

15  1446(b).

16  **III.   BASIS FOR REMOVAL**

17     9.      This Court has original jurisdiction over this civil suit under 28 U.S.C.

18  section 1331, and it may be removed to this Court by Defendant pursuant to 28

19  U.S.C. section 1441(b), in that it arises under 29 U.S.C. section 2601 *et seq.*

20     10.     This Court has original jurisdiction over this civil suit under 28 U.S.C.

21  section 1332(a), and it may be removed to this Court by Defendant pursuant to the

22  provisions of 28 U.S.C. section 1441(a), in that it is a civil action between citizens

23  of different States and the matter in controversy exceeds the sum of $75,000

24  exclusive of interest and costs.

25     **A.    Federal Question Jurisdiction**

26     11.     In her first cause of action, Plaintiff asserts that she was "discriminated

27  against . . . and retaliated against . . . in violation of the . . . Family Medical Leave

28  Act, ("FMLA"), . . . and by terminating Plaintiff in retaliation for exercising her

1   rights under . . . FMLA." (Complaint ¶ 15). She further claims that Defendant Wal-

2   Mart terminated her employment "in retaliation for Plaintiff exercising her rights

3   under [the Fair Employment and Housing Act], all in violation of . . . the FMLA, 29

4   US.C. §2601 *et. seq.*"  (Complaint ¶ 16).  She claims that as a result of

5   discrimination and retaliation under FMLA, she has suffered lost wages and

6   benefits and lost employment and advancement opportunities. (Complaint ¶ 17).

7         12.    The district court has "original jurisdiction of all civil actions arising

8   under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

9         **B.    Diversity of Citizenship**

10        13.    For removal purposes, diversity jurisdiction is analyzed and must exist

11  "as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air*

12  *Transport Assin of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

13        14.    At the time the Complaint was filed and at the time of this notice,

14  Plaintiff was "a resident of the County of Los Angeles County, State of California."

15  (Complaint ¶ 1.) Thus, Plaintiff was and is a citizen of the State of California.

16        15.    A corporation is deemed to be a citizen of the state in which it has

17  been incorporated and where it has its principal place of business. 28 U.S.C. §

18  1332(c)(1). The United States Supreme Court has defined a corporation's principal

19  place of business as "where a corporation's high level officers direct, control, and

20  coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. _____, 130

21  S.Ct. 1181, 1183-84 (2010). In practice, this location will be "where the corporation

22  maintains its headquarters." *Id*.

23        16.    At the time the Complaint was filed and at the time of this notice, Wal-

24  Mart Stores, Inc. was and is a corporation incorporated under the laws of the State

25  of Delaware. (Johnson-Hartwell Decl. ¶ 5 and Exhibit "D" attached hereto; Request

26  for Judicial Notice). At the time the Complaint was filed and at the time of this

27  notice, the executive offices and corporate headquarters for Wal-Mart Stores, Inc,

28  were and are located in the State of Arkansas. *Id*.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4822-5413-7098 v1                    - 4 -                    DEFENDANT WAL-MART STORES, INC.'S
                                                                  NOTICE OF REMOVAL

17.     Wal-Mart Stores, Inc. is therefore not a citizen of the State in which this action is pending and is, in fact, a citizen of a different State than Plaintiff.

18.     At the time the Complaint was filed and at the time of this notice, Sandra Parker was a resident of California,

**19.     Defendant Sandra Parker Can Be Disregarded in Determining Diversity Because She Is A Sham Defendant.**

i.     Plaintiff's allegations regarding Defendant Parker are a sham and should be disregarded in determining whether there exists complete diversity of citizenship. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-1319 (9th Cir. 1998) (sham defendants may be disregarded when determining diversity jurisdiction); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Where fraudulent joinder is shown, "the court may disregard the joinder and retain jurisdiction." *Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (ED. Cal. 1979).

ii.     A non-diverse party named in the state court action may be disregarded if the federal court determines that party's joinder is a "sham" or "fraudulent" in that no cause of action has been stated against that party. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th. Cir. 2001) (non-diverse sham defendant named in state court action may be disregarded); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement to complete diversity."). In determining whether a defendant is "fraudulently" joined, courts may properly consider the allegations of the complaint and facts presented by the defendant in its notice of removal. *Ritchey*, 139 F.3d at 1318.

iii.     It does not have to be shown that the joinder of a non-diverse defendant was for the purpose of preventing removal. Rather, the question is simply whether there is any possibility that the plaintiff will be able to establish liability against the party in question. *Ritchey*, 139 F.3d at 1318-1319. It is well settled that fraudulent joinder is shown, where, as here, plaintiff fails to state a cause of action

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4822-5413-7098 v1                    - 5 -                    DEFENDANT WAL-MART STORES, INC.'S
NOTICE OF REMOVAL

1  against a defendant and that failure is apparent according to the settled law of the

2  state. *McCabe*, 811 F.2d at 1339.

3        **iv.    Plaintiff Cannot Maintain Her Third Cause Of Action For**

4  **Intentional Infliction Of Emotional Distress Against Defendant Parker.**

5        a.    Plaintiff's first two causes of action are asserted against only Wal-Mart

6  Stores, Inc. (Complaint at pp. 5-6). Plaintiff sets forth only one putative legal claim

7  against Defendant Parker — her Third Cause of Action, for Intentional Infliction of

8  Emotional Distress ("IIED").

9        b.    Plaintiff cannot maintain her IIED claim against Defendant Parker

10  because (1) she is immune from individual liability under the "manager's privilege"

11  doctrine, (2) Plaintiff's claim against Defendant Parker is preempted by the

12  exclusivity of the California workers' compensation system, and (3) Plaintiff

13  cannot maintain a claim because she fails to state a cause of action for IIED.

14        **v.    Manager's Privilege**

15        a.    California law explicitly prohibits employees from suing their former

16  managers and supervisors in tort for actions occurring in the discharge of their

17  employment duties. *See, Sheppard v. Freeman*, 67 Cal.App.4th 339, 342 (1998).

18  Plaintiff's allegations are not sufficient to overcome this manager's privilege and

19  support an IIED claim. The manager's privilege applies where a party acts within

20  the course and scope of employment, and functions to protect a manager's right to

21  manage employees:

22        If that privilege protects nothing else, it protects a manager's right to
        manage personnel (including firing and hiring) without fear of
23        independent liability, absent concrete and specific allegations that such
        actions were *entirely* for the benefit of the individual. . . . The
24        manager's privilege thus [precludes] liability for all causes of action
        pled herein.
25

26        *Kacludis v. GTE Sprint Communications*, 806 F.Supp. 866, 872 (N.D. Cal.

27  1992) (emphasis in original). *See also, Wanland v. Los Gatos Lodge, Inc.*, 230

28  Cal.App.3d 1507, 1522 (1991) (finding that the "manager need not be acting solely

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4822-5413-7098 v1                    - 6 -                    DEFENDANT WAL-MART STORES, INC.'S
NOTICE OF REMOVAL

1  in his or her employer's interest in order to claim the privilege; all that is required is

2  proof that the employer's interest was one of the factors motivating his or her

3  conduct or advice"); *McCabe*, 811 F.2d at 1339 (under California law, where

4  conduct is alleged to have been in the course of employment, manager's privilege

5  precludes individual liability, even if conduct was also motivated by bias or ill

6  will).

7      b.      California courts have applied the doctrine of managerial immunity to

8  preclude supervisor liability for other employment-related torts, where the

9  complained-of conduct was undertaken "in the course and scope of employment" or

10  as "an agent of the employer." *See, Becket v. Welton Becket & Assocs.*, 39

11  Cal.App.3d 815, 822-23 (1974) (demurrer without leave to amend properly

12  sustained; individual employees cannot be held liable for acts taken within the

13  course and scope of their authority because such acts are those of the company);

14  *Wise v. Southern Pac. Co.*, 223 Cal.App.2d 50, 72-73 (1963) (complaint failed to

15  set forth facts sufficient to constitute a cause of action where it alleged that at all

16  times defendants were employees, agents and representatives of their respective

17  corporations, and alleged conduct was within the course and scope of their

18  employment); *Mallard v. Boring*, 182 Cal.App.2d 390, 393-94 (1960) (tort claim

19  asserted against manager did not state a cause of action where plaintiff alleged

20  conduct was within the course and scope of the manager's authority, thereby

21  invoking the managerial privilege).

22      c.      Upon finding that the manager's privilege applies, the Court should

23  find fraudulent joinder. In *McCabe*, the court applied the manager's privilege, found

24  that the plaintiff failed to state a cause of action against the individual supervisors

25  since they acted in their managerial capacity, and held that the individual

26  defendants were fraudulently joined. 811 F.2d at 1339. Thus, removal based on

27  diversity jurisdiction was proper. *Id.* at 1339.

28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4822-5413-7098 v1                    - 7 -                    DEFENDANT WAL-MART STORES, INC.'S
NOTICE OF REMOVAL

1        d.    Plaintiff's Complaint contains no allegation that the complained-of

2    conduct occurred "entirely for the benefit" of Defendant Parker. Indeed, her

3    Complaint specifically states that Defendant Parker acted "in carrying out her job

4    duties as Assistant Manager for [Wal-Mart], at all times acted in a representative

5    capacity for [Wal-Mart]" and was "acting in the course, scope, and under the

6    authority of the agency, employment, or representative capacity" and "with the

7    consent" of Wal-Mart. (Complaint ¶¶ 3, 5). The alleged actions against Defendant

8    Parker amounts to a personnel action – termination – and alleged false statements to

9    support the termination.  (Complaint ¶¶ 9, 27). Although Plaintiff claims Defendant

10   Parker's actions were in "retaliation" for her leave of absence and caused her

11   emotional distress and financial hardship, they are the only actions Defendant

12   Parker took against her and they remain merely a *personnel action* taken on behalf

13   of her employer and within the course and scope of her duties as an Assistant

14   Manager for Wal-Mart. Therefore, Plaintiff cannot consistently allege that the

15   conduct of Defendant Parker was undertaken exclusively for her own benefit.

16   Accordingly, the Manager's Privilege precludes Plaintiff's claims for IIED against

17   Defendant Parker.

18       **vi.    Workers' Compensation Exclusivity**

19       a.    Additionally, Plaintiff's IIED claim against Defendant Parker fails

20   because it is preempted under California Labor Code section 3601. Labor Code

21   section 3601 provides that the exclusive remedy for an injured employee against

22   any other employee of the employer acting within the scope of her employment is

23   Workers' Compensation, unless the injury is caused by willful and unprovoked act

24   of aggression or intoxication of the other employee. *See, Kacludis*, 806 F.Supp. at

25   870 (California's Workers' Compensation system provides exclusive remedy for all

26   claims even if there is an allegation of improper or evil motives on the part of the

27   employer).

28

b.     The California Supreme Court recently rejected a plaintiff's IIED claim against a supervisor, where the supervisor's alleged conduct occurred in the workplace, in the course and scope of his employment as a supervisor. *Miklosy v. Regents of University of California*, 44 Cal.4th 876, 902 (2008) ("The alleged wrongful conduct, however, occurred at the worksite, in the normal course of the employer-employee relationship, and therefore workers' compensation is plaintiffs' exclusive remedy for any injury that may have resulted.").

c.     Plaintiff can avoid the preclusive effect of the workers' compensation exclusivity rule only if the cause of action alleged depends on a violation of an express statute or fundamental public policy. *Shoemaker v. Myers*, 52 Cal.3d 1, 25 (1990).

d.     The only statutory claims alleged in the Complaint stem from violations of provisions of the Fair Employment and Housing Act under California Government Code sections 12900 *et seq*. and the FMLA under 29 U.S.C. 2601. However, Plaintiff does not assert these causes of action against Defendant Parker. (Complaint at p. 5). Furthermore, Defendant Parker may not be held individually liable for retaliation under California law. *See, Jones v. Lodge At Torrey Pines Partnership*, 42 Cal.4th 1158, 1159, 1162 (2008). Since the Complaint does not allege that Plaintiff's purported emotional distress arises from any other statutory, regulatory, or constitutional provision, her single claim against Defendant Parker is preempted by the Workers' Compensation Act.

e.     Indeed, in *Cole v. Fair Oaks Fire Protection Dist.*, the California Supreme Court held that claims for emotional distress caused during the normal course of the employment relationship fall within the exclusive ambit of the Workers' Compensation Act:

> . . . an employee suffering, emotional distress . . . may not avoid the exclusive provisions of the Labor Code by characterizing the employer's decisions as manifestly unfair, *outrageous*, harassment, or *intended to cause emotional disturbance* resulting in disability.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4822-5413-7098 v1                    - 9 -                    DEFENDANT WAL-MART STORES, INC.'S
NOTICE OF REMOVAL

1   43 Cal.3d 148, 160 (1987) (emphasis added); *Shoemaker*, 52 Cal.3d at 25 (finding

2   conduct that is a normal part of the employment relationship (like discipline and

3   criticism) is covered by the workers' compensation exclusivity provisions "[e]ven if

4   such conduct may be characterized as intentional, unfair or outrageous").

5   Accordingly, Plaintiff's allegations regarding the conduct of Defendant Parker do

6   not save her claims from the preclusive effect of the workers' compensation

7   exclusivity rule. Therefore, Plaintiff's IIED claim cannot be asserted against

8   Defendant Parker.

9        **vii.    Plaintiff Fails to State a Cause of Action Against Defendant**

10   **Parker.**

11        a.    Plaintiff also cannot maintain her IIED claim against Defendant Parker

12   because she fails to state a cause of action against her. To state a cause of action for

13   IIED, Plaintiff must allege the following elements: (1) extreme and outrageous

14   conduct by Defendant Parker; (2) with the intent to cause, or reckless disregard of

15   the probability of causing, emotional distress; (3) Plaintiff's suffering severe or

16   extreme emotional distress; and (4) actual and proximate causation of the emotional

17   distress by Defendant Parker's extreme and outrageous conduct. *Christensen v.*

18   *Superior Court*, 54 Cal.3d 868, 903 (1991); *Cole*, 43 Cal.3d at 155 n.7.

19        b.    To be outrageous, the conduct "must be so extreme as to exceed all

20   bounds of that usually tolerated in a civilized community." *Christensen*, 54 Cal.3d

21   at 903; *Davidson v. City of Westminster*, 32 Cal.3d 197, 209 (1982). Further, "[i]t is

22   not enough the conduct be intentional and outrageous. It must be conduct directed

23   at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is

24   aware." *Christensen*, 54 Ca1.3d at 903. Moreover, a plaintiff must plead facts

25   demonstrating that the defendant's conduct was not privileged. *Cantu v. Resolution*

26   *Trust Corp.*, 4 Cal.App.4th 857, 887 (1992).

27        c.    In her Complaint, Plaintiff does not specifically assert that Defendant

28   Parker engaged in any harassing, insulting, or outrageous conduct. Although she

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4822-5413-7098 v1                    - 10 -                    DEFENDANT WAL-MART STORES, INC.'S
NOTICE OF REMOVAL

generically claims that Defendant Parker terminated her employment in retaliation for her leave of absence and deceived her about the reasons for her termination, personnel actions including terminating employees, *even if based on allegedly improper motives*, are not "extreme and outrageous" conduct. *Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55, 80 (1996) ("Managing personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society. A simple pleading of personnel management activity is insufficient to support a claim of [IIED], even if improper motivation is alleged."); *see also*, *Buscemi v. McDonnell Douglas Corp.*, 736 F.2d 1348, 1352 (9th Cir. 1984) (termination of employment resulting in emotional distress does not support an IIED claim); *Trerice v. Blue Cross of California*, 209 Cal.App.3d 878, 883-84 (1989) (same).

       d.    Liability does not extend to "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Alcorn v. Anbro Engineering, Inc.*, 2 Cal.3d 493, 499 n.5 (1970). As such, allegations that an employer terminated employment based upon what the plaintiff believes was an inaccurate or false basis is insufficient to state an IIED claim. Unlike *Alcorn*, where an IIED claim was found, Plaintiff does not allege that Defendant Parker shouted racial epithets or slurs at her, nor does she allege that she was subjected to seriously threatening and extremely abusive language as the plaintiff was in *Newby v. Alto Riviera Apartments*, 60 Cal.App.3d 288, 297-98 (1976). Plaintiff fails to show that Defendant Parker engaged in "extreme and outrageous" conduct. Plaintiff thus fails to state an IIED claim.

       20.    For the reasons set forth above, Defendant Parker's citizenship should be disregarded for purposes of removal.

       21.    There are no other identified defendants. Defendants designated as DOES 1 through 100 are fictitious defendants, not parties to this action, have not been named or served, and need not consent to removal. For purposes of removal,

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4822-5413-7098 v1

- 11 -

DEFENDANT WAL-MART STORES, INC.'S
NOTICE OF REMOVAL

1    the citizenship of defendants sued under fictitious names shall be disregarded. *See*,

2    28 U.S.C. § 1441(a); *McCabe*, 811 F.2d at 1339.

3    **C.    Amount in Controversy**

4    22.    District courts have original jurisdiction of all civil actions where the

5    matter in controversy exceeds the sum or value of $75,000 and is between citizens

6    of different states. 28 U.S.C. § 1332(a). "[W]here a plaintiff's state court complaint

7    does not specify a particular amount of damages, the removing defendant bears the

8    burden of establishing, by a preponderance of the evidence, that the amount in

9    controversy exceeds [the statutory amount]." *Sanchez v. Monumental Life Ins. Co.*,

10   102 F.3d 398, 404 (9th Cir. 1996). The defendant must provide evidence showing

11   that it is "more likely than not" that the amount in controversy exceeds that amount.

12   *Id.*

13   22.    To measure the amount in controversy, the Ninth Circuit instructs

14   courts to first consider whether it is "facially apparent" from the complaint that the

15   jurisdictional amount has been satisfied. *Singer v. State Farm Mut. Auto. Ins. Co.*,

16   116 F.3d 373, 377 (9th Cir. 1997). In measuring the amount in controversy, a court

17   "must assume that the allegations of the complaint are true and assume that a jury

18   will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth*

19   *Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D.

20   Cal. 2002) (internal quotations omitted).

21   23.    If the complaint does not clearly establish the jurisdictional amount,

22   then the court may consider facts in the removal petition. *Singer*, 116 F.3d at 377;

23   *see also*, *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); ("[W]e

24   reiterate that the amount-in-controversy inquiry in the removal context is not

25   confined to the face of the complaint.").

26   24.    Here, Plaintiff states in her Complaint that her claimed damages are

27   compensatory, consequential and incidental damages (including past and future loss

28   of earnings, loss of job security, failure to advance in her career and damage to her

1  reputation), punitive damages, attorneys' fees, and any other incurred costs.

2  (Complaint at p. 10).  She also claims to have suffered extreme and severe

3  emotional distress and seeks compensation for such according to proof. (Complaint

4  ¶¶ 18, 23 and 32).

5      25.    Plaintiff alleges she was terminated on April 4, 2011. (Complaint ¶ 9.)

6  As of April 4, 2011, Plaintiff earned approximately $8.40 per hour, and was hired

7  to work full-time. (Johnson-Hartwell Decl. ¶ 7). As of the date of this notice, there

8  have been approximately 16 weeks of allegedly lost pay since the date of Plaintiff's

9  termination on April 4, 2011. Based on a 40-hour workweek, the amount of lost

10 wages at issue equals $5,376 ($8.40 per hour x 40 hours per week x 16 weeks).

11 This amount does not include any claims she might make for lost benefits, raises,

12 and additional amounts of money she would have received had she been retained in

13 her employment position. Furthermore, given that the trial date has not yet been set,

14 and that it is unknown whether Plaintiff will be unemployed until that time,

15 additional lost wages and benefits may accrue. *See, Smith v. Brown-Forma*

16 *Distillers Corp.*, 196 Cal.App.3d 503, 518 (1987) (upholding award of front pay

17 until mandatory retirement age reached); *Rabago-Alvarez v. Dart Indus., Inc.*, 55

18 Cal.App.3d 91, 97-98 (1976) (four years from the date of termination). Even

19 conservatively estimating that Plaintiff seeks front pay benefits for only the next

20 two years, the amount of future wages in controversy in this case would amount to

21 $29,568 ($8.40 per hour x 40 hours per week x 104 weeks). Therefore, lost wages

22 and front wages alone amounts to nearly fifty-percent of the $75,000 threshold.

23     26.    Plaintiff also claims money damages for "extreme and severe anguish,

24 humiliation, embarrassment, emotional distress, mental suffering, nervousness,

25 tension, anxiety, and depression." (Complaint ¶ 32). *See, Luckett v. Delta Airlines,*

26 *Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and

27 humiliation may properly be factored into the jurisdictional analysis for purposes of

28 removal); *see also, Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 450 (S.D. Cal.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4822-5413-7098 v1                    - 13 -            DEFENDANT WAL-MART STORES, INC.'S
NOTICE OF REMOVAL

1    1995) (noting that emotional distress damages, although vaguely pled, were

2    potentially substantial).

3         28.    Plaintiff also alleges that the acts of Defendants were committed

4    "maliciously, fraudulently, and oppressively, and with the wrongful intention of

5    injuring plaintiff," thereby entitling her to seek and recover punitive and exemplary

6    damages. (Complaint ¶ 19). "It is well established that punitive damages are part of

7    the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d

8    927, 945 (9th Cir. 2001). Her claim for punitive damages by itself could be in

9    excess of $75,000.00.

10        29.    Finally, Plaintiff claims attorneys' fees. (Complaint ¶ 20 and Prayer

11   for Relief). In *Galt G/S v. JSS Scandinavia*, the Ninth Circuit held that "where an

12   underlying statute authorizes an award of attorneys' fees, either with mandatory or

13   discretionary language, such fees may be included in the amount in controversy."

14   *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Because

15   attorneys' fees are recoverable to the prevailing party under one of Plaintiff's

16   claims, the Court may consider the fees arising from time spent on Plaintiff's entire

17   complaint in its computation of the jurisdictional amount in controversy. *See*, Cal.

18   Govt. Code § 12965. Plaintiff's attorneys' fees alone for all discovery and the trial

19   of this case will likely exceed $75,000.00. *See, Simmons v. PCR Technology*, 209 F.

20   Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that in the court's twenty-plus years'

21   experience, attorneys' fees in individual discrimination cases often exceed the

22   damages).

23        30.    Defendant does not concede Plaintiff's claims have any merit, and

24   provides the foregoing calculations and damage analysis only to demonstrate that

25   the amount in controversy, based on the relief sought by Plaintiff, taken as a whole

26   far exceeds the $75,000 jurisdictional requirement. Thus, this Court has original

27   jurisdiction over the claims asserted by Plaintiff in this action based on diversity of

28   citizenship jurisdiction under 28 U.S.C. sections 1332(a) and 1441(a).

IV.   **VENUE AND BOND**

31.   Venue is proper in this Court in that this is the Court of the District embracing the place where the action is pending in state court. 28 U.S.C. § 1441(a). No bond is required for removal. 28 U.S.C. § 1446(d).

V.   **NOTICE TO STATE COURT AND PLAINTIFF**

32.   Promptly after filing this Notice of Removal with this Court, Defendant will give notice to Plaintiff's counsel and file a copy with the Clerk of the Los Angeles County Superior Court, as required by 28 U.S.C. section 1446(d).

VI.   **CONCLUSION**

Defendant therefore removes the civil action filed in the California Superior Court, County of Los Angeles, to the United States District Court for the Central District of California.

Dated:   July 28 , 2011           Burke, Williams & Sorensen, LLP


By: _____
     Raymond E. Hane III
     Cheryl Johnson-Hartwell
     Attorneys for Defendants
     WAL-MART STORES, INC.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4822-5413-7098 v1            - 15 -            DEFENDANT WAL-MART STORES, INC.'S
                                                  NOTICE OF REMOVAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4822-5413-7098 v1

DEFENDANT WAL-MART STORES, INC.'S
NOTICE OF REMOVAL

1  Michael T. Carr  (STATE BAR NO. 183085)
   Nathan J. Wagner (STATE BAR NO. 257455)
2  LAW OFFICES OF MICHAEL T. CARR, APC
   2670 Myrtle Avenue, Suite 106
3  Monrovia, CA 91016
   Telephone: (626) 254-8901
4  Facsimile:  (626) 254-8921
   Email: mike@michaelcarrlaw.com
5
6  Attorney for Plaintiff
   SHIRLEY BAZURTO
7
8
9          SUPERIOR COURT OF THE STATE OF CALIFORNIA
10               FOR THE COUNTY OF LOS ANGELES
11
12                                            B C 4 6 4 2 2 9
13  SHIRLEY BAZURTO, an individual          Case No.:
14                Plaintiff,                PLAINTIFF'S COMPLAINT FOR
                                           DAMAGES AND DEMAND FOR JURY
15  v.                                     TRIAL BASED UPON:
16
17  WAL-MART STORES, INC., a               1.   RETALIATION FOR PLAINTIFF
                                                TAKING FMLA/CFRA LEAVE IN
18  corporation doing business in California;    VIOLATION OF CAL. GOV. CODE
    SANDRA PARKER, an individual; DOES         §12945.2(l)
19  1 through 100, Inclusive,              2.   WRONGFUL TERMINATION IN
                                                VIOLATION OF PUBLIC POLICY and
20                                              CAL. GOV. CODE §§12940, 12945.2
                                           3.   INTENTIONAL INFLICTION OF
21                                              EMOTIONAL DISTRESS
22                Defendants.
23
24
25
26      PLAINTIFF, SHIRLEY BAZURTO, hereby demands a jury trial and complains and alleges
27  as follows:
28  ///

                                    1

_____
              COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 24 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
A. E. LaFLEUR-CLAYTON

## GENERAL ALLEGATIONS

(Against Defendant, WAL-MART STORES, INC., and all DOE Defendants )

1.    At all times herein mentioned, Plaintiff, SHIRLEY BAZURTO, ("Plaintiff") is and was a resident of the County of Los Angeles, State of California. Plaintiff is informed and believes and alleges that WAL-MART STORES, INC., at all relevant times employed more than 50 employees within a 75 mile radius and therefore subject to the California Fair Employment and Housing Act, ("FEHA").

2.    At all times herein mentioned, Defendant, WAL-MART STORES, INC., (also referred to as "WAL-MART." and/or "Defendant"), is a corporation doing business, within the County of Los Angeles, in the state of California.  Defendant employed Plaintiff at Defendant's place of business, at store # 2292, located at 1275 North Azusa Ave., Covina, California 91722.

3.    Plaintiff is informed and believes that at all times herein mentioned, Defendant, SANDRA PARKER ("PARKER"), at all relevant times, held the position of Assistant Manager for Defendant, WAL-MART STORES, INC., and was Plaintiff's immediate supervisor.  Plaintiff is informed and believes that PARKER, in carrying out her job duties as Assistant Manager for Defendant, at all times acted in a representative capacity for Defendant, and acted in a supervisory and managerial capacity over Plaintiff.

4.    Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as DOES 1 through 100 inclusive and so the Plaintiff sues them by these fictitious names.  The Plaintiff is informed and believes that each of the DOE defendants reside in the State of California and are in some manner responsible for the conduct alleged herein.  Upon discovering the true names and capacities of these fictitiously named Defendants, the Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named defendants.

5.    Unless otherwise alleged in this complaint, the Plaintiff is informed, and on the basis of that information and belief alleges that at all times herein mentioned, each of the remaining codefendants, in doing the things hereinafter alleged, were acting within the course, scope, and under the authority of the agency, employment, or representative capacity, with the

2

1   consent of her/his codefendants.

2       6.    Plaintiff was first employed by Defendant, WAL-MART STORES, INC., on or about

3   August 21, 2005. Throughout Plaintiff's employment with Defendant, Plaintiff at all times

4   performed her work in a satisfactory and/or exemplary manner. Over the years, Plaintiff

5   consistently received above average performance evaluations, pay increases and bonuses and was

6   receiving full employment benefits.

7       7.    On or about, February 19, 2011, Plaintiff had a heart attack which necessitated Plaintiff

8   having to take a medical leave under the Moore-Brown California Family Rights Act, *Cal. Gov.*

9   *Code* § 12945.2 *et. seq.* ("CFRA"), and the Family and Medical Leave Act, 29 U.S.C. 2601 *et.*

10  *seq.* ("FMLA"), for approximately five weeks, in order to care for her serious health condition.

11  Plaintiff promptly provided Defendant with proper documentation from her physician(s)

12  regarding her need to take a medical leave of absence.

13      8.    On or about March 22, 2011, Plaintiff returned to work pursuant to her physician's

14  clearance.

15      9.    On or about April 4, 2011, seemingly out of the blue, Plaintiff's immediate supervisor

16  PARKER, called Plaintiff into her office and informed Plaintiff that her employment with WAL-

17  MART was terminated. PARKER intentionally deceived Plaintiff by claiming a customer

18  complained that Plaintiff was hostile to another coworker, approximately a month prior to, in

19  order to justify Defendant's pretextual termination of Plaintiff. PARKER further intentionally

20  deceived Plaintiff by falsely claiming this incident was caught on video. Plaintiff is informed

21  and believes and alleges that there was no such video of the incident alleged by PARKER, that

22  no such complaint was made by a customer regarding Plaintiff, and that no such video of this

23  incident alleged by PARKER ever existed. Plaintiff alleges that the false and pretextual reasons

24  were given by PARKER in an effort to hide Defendants' true discriminatory motives. The

25  deceptive manner in which PARKER gave as a basis for Plaintiff's termination, is further

26  evidenced by the fact Plaintiff had always consistently received positive evaluations regarding

27  her work performance up until the time of Plaintiff's termination.

28      10.   Plaintiff is informed and believes and alleges that Defendant WAL-MART retaliated

3

1  against Plaintiff for taking time off from work to care for her disability/serious medical

2  condition, and that Defendant generally did not want to provide Plaintiff with time off to care for

3  her serious medical condition.  Defendant retaliated against Plaintiff in violation of *California*

4  *Government Code* § 12945(l), because Plaintiff exercised her rights under CFRA/FMLA, and

5  took a medical leave for Plaintiff's disability/serious health condition.  Furthermore, Defendant

6  terminated Plaintiff's employment in violation of the Fair Employment and Housing Act, *Cal.*

7  *Gov. Code* § 12940 *et. seq.* ("FEHA"), all to Plaintiff's detriment and which resulted in severe

8  emotional distress and financial hardship to Plaintiff and her family, including but not limited to,

9  Plaintiff being evicted from her place of residence and being without a source of income.

10      11.    The actions toward Plaintiff that are alleged in this complaint were carried out by

11  managerial employees and agents of said Defendant WAL-MART, acting in a deliberate, cold,

12  callous, malicious, oppressive, and intentional manner in order to injure and damage Plaintiff.

13

14                    **VENUE AND JURISDICTION**

15      12.    Venue is proper under *Calif. Code of Civ. Proc.* §395, in that Plaintiff's injuries were

16  incurred within this jurisdiction, and the actions that gave rise to Plaintiff's complaint occurred

17  within this jurisdiction.

18              **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

19      13.    Plaintiff has exhausted her administrative remedies under the California Fair

20  Employment and Housing Act by filling a charge with the California Department of Fair

21  Employment and Housing against said Defendants for retaliatory termination for taking

22  CFRA/FMLA leave.  The Department of Fair Employment and Housing issued to Plaintiff a

23  Notice of Case Closure/Right-to-Sue Letter dated June 18, 2011, made a part hereof, and marked

24  as Exhibit 1 to this complaint.

25  / / /

26  / / /

27  / / /

28  / / /

4

**FIRST CAUSE OF ACTION FOR**

**RETALIATION FOR PLAINTIFF TAKING CFRA/FMLA LEAVE IN VIOLATION OF**

*CAL. GOV. CODE* § 12940 IN VIOLATION OF *CAL. GOV. CODE* § 12945.2(l)

(Against Defendant, WAL-MART STORES, INC., and all DOE Defendants)

14.    Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

15.    Defendant WAL-MART STORES, INC., discriminated against with respect to the terms, conditions and privileges of Plaintiff's employment and retaliated against Plaintiff on the basis of Plaintiff's need to take leave to care for her serious heath condition and/or disability, in violation of the Fair Employment and Housing Act, ("FEHA"), California Family Rights Act, ("CFRA"), and Family Medical Leave Act, ("FMLA"), *California Gov. Code* § 12900 et seq., and by terminating Plaintiff in retaliation for exercising her rights under FEHA, CFRA, and FMLA.

16.    Plaintiff had been consistently performing her job in an exemplary manner. However, shortly after Plaintiff returned from her medical leave of absence, Defendant WAL-MART terminated Plaintiff's employment, in retaliation for Plaintiff exercising her rights under FEHA, all in violation of *Cal. Gov. Code* §12945.2; 29, CFR §825.214(a), and the FMLA, 29 USC §2601 *et. seq.*

17.    As a direct and proximate result of Defendant's discrimination and retaliation under CFRA and/or FMLA, against Plaintiff for exercising her rights under FEHA and taking a medical leave,  Plaintiff has suffered lost wages and benefits, and lost employment and advancement opportunities, both past and future.

18.    As a further direct and proximate result of Defendant's discrimination and retaliation under CFRA, against Plaintiff for exercising her rights, and taking a medical leave for Plaintiff's serious health condition/disability, Plaintiff has suffered and will continue to suffer substantial damages for pecuniary losses, emotional distress, loss of enjoyment of life, and other nonpecuniary losses.

19.    Defendant WAL-MART committed the acts alleged herein maliciously,

5

1   fraudulently, and oppressively, and with the wrongful intention of injuring plaintiff, and acted

2   with an improper and evil motive amounting to malice or despicable conduct. Alternatively,

3   Defendant's wrongful conduct was carried out with a conscious disregard of plaintiff's rights.

4   Further, WAL-MART's wrongful conduct was carried out and ratified by a managing agent; or

5   an officer, a director, or a managing agent of the Company had advance knowledge of the

6   unfitness of its decision-maker and employed him/her with a conscious disregard of Plaintiff's

7   rights and/or authorized and/or ratified his/her conduct. As a result of Defendant's conduct,

8   Plaintiff is entitled to and seeks to recover punitive and exemplary damages in an amount

9   commensurate with WAL-MART's wrongful acts and sufficient to punish and deter future

10  similarly reprehensible conduct.

11      20.   The Plaintiff also prays for reasonable costs and attorney fees against said

12  Defendant WAL-MART, as allowed by the Fair Employment and Housing Act, *Cal. Gov. Code*

13  §12965, for the Plaintiff's prosecution of this action in reference to the time the Plaintiff's

14  attorneys spend pursuing this cause of action.

15

16                  **SECOND CAUSE OF ACTION FOR**

17          **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

18              (Against Defendant, WAL-MART STORES, INC., and all DOE Defendants)

19      21.   Plaintiff incorporates and realleges by reference all previous paragraphs of this

20  Complaint as if fully set forth herein.

21      22.   Under California law, no employee, whether they are an at-will employee, or an

22  employee under a written or other employment contact, can be terminated for a reason that is in

23  violation of a fundamental public policy. The California Court has interpreted a fundamental

24  public policy to be any articulable constitutional, or statutory provision, regulation that is

25  concerned with a matter effecting society at large rather than a purely personal or proprietary

26  interest of the employee or the employer. Moreover, the public policy must be fundamental,

27  substantial, and well established at the time of discharge. Plaintiff alleges that the Defendant,

28  WAL-MART STORES, INC., violated articulated public policies, affecting society at large, by

6

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1   violating the statutes and the California Constitution, and as described above in paragraphs 7

2   through 12, when said Defendant discriminated and retaliated against Plaintiff and terminated

3   Plaintiff's employment all in violation of *Cal. Gov. Code* §§12940, 12945.2 as such:

4       a.      allowing said Defendant's employees and supervisors to discriminate, retaliate, and

5               deny employment to employees on the basis of exercising their rights under FEHA and in

6               violation of the FMLA.

7       b.      by acting unlawfully in a manner that effects the California workplace by creating an

8               unstable and unethical workplace by discriminating against and retaliating against Plaintiff,

9               terminating Plaintiff's employment on the basis of Plaintiff's disability, for Plaintiff having

10              a disability, taking a medical leave and exercising her rights under CFRA, all in violation of

11              *California Government Code* §§12926, 12940, 12945.2 *et. seq.*

12      23.     As a direct, foreseeable, and proximate result of the actions of said Defendant, WAL-

13  MART, Plaintiff has suffered, and continues to suffer, severe emotional distress, substantial

14  losses in salary, bonuses, job benefits, and other employment benefits she would have received

15  from said Defendant, as well as financial losses, all to the Plaintiff's damage, in a sum within the

16  jurisdiction of this court, to be ascertained according to proof.

17      24.     The grossly reckless and/or intentional, malicious, and bad faith manner in which said

18  Defendant WAL-MART conducted itself as described in this cause of action by willfully

19  violating those statutes numerated above, Plaintiff prays for punitive damages against said

20  Defendant, in an amount within the jurisdiction of this court, to be ascertained by the fact finder,

21  that is sufficiently high to punish said Defendant, and to deter them from engaging in such

22  conduct again, and to make an example of them to others.

23      25.     The Plaintiff also prays for reasonable costs and attorney fees against said Defendant

24  WAL-MART STORES, INC., as allowed by the Fair Employment and Housing Act, *Cal. Gov.*

25  *Code* § 12965, for the Plaintiff's prosecution of this action in reference to the time the Plaintiff's

26  attorneys spend pursuing this cause of action.

27  / / /

28  / / /

7

# THIRD CAUSE OF ACTION FOR

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against Defendant, WAL-MART STORES, INC., SANDRA PARKER, and all DOE Defendants)

26.     Plaintiff incorporates and realleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

27.     Defendants WAL-MART and PARKER, herein acted intentionally and/or recklessly and subjected the Plaintiff to severe emotional distress by intentionally deceiving Plaintiff for terminating Plaintiff's employment for false and pretextual reasons in an effort to hide Defendants' true discriminatory motives.  PARKER intentionally deceived Plaintiff by falsely claiming a customer complained that Plaintiff was hostile to another coworker, approximately a month prior to, in order to justify Plaintiff's pretextual termination.  PARKER further intentionally deceived Plaintiff by falsely claiming this incident was caught on video.  Plaintiff is informed and believes and alleges that there was no such video of the incident alleged by PARKER, that no such complaint was made by a customer regarding Plaintiff, and that no such video of this incident ever existed.  Plaintiff alleges that the false and pretextual reasons were given by PARKER in an effort to hide Defendants' true discriminatory motives.  The outrageous acts alleged to have been done by said Defendants herein by creating the offensive, discriminatory work environment more fully described in paragraphs 7 through and 11, previously in this complaint and in the above enumerated First and Second Causes of Action:

a.     By terminating the Plaintiff, at a time Plaintiff was dealing severe hardships having to do with her serious medical conditions, and needed to support herself, and with the wrongful intention of injuring Plaintiff, and acting  with an improper and evil motive or conscious disregard amounting to malice or despicable conduct;

b.     by wrongfully terminating Plaintiff based on pretextual reasons.

c.     by subjecting Plaintiff to all of the alleged information set forth in all of the above enumerated Causes of Action of this Complaint for Damages.

d.     by retaliating against Plaintiff for exercising her rights under the FEHA.

8

28.   The acts described above in this Complaint were spiteful and made with the intention to scorn and embarrass Plaintiff because they were made with the intent, purpose, and effect of discriminating against an employee whom exercised her rights under FEHA.

29.   Defendants acted intentionally and/or recklessly and subjected the Plaintiff to severe emotional distress by doing the outrageous acts alleged in this Complaint to have been done by said Defendants by and through the Plaintiff's supervisors.

30.   As a direct, foreseeable, and proximate result of the conduct by said Defendants, and all DOE defendants, the Plaintiff has suffered, and continues to suffer emotional distress, to be ascertained according to proof.

31.   In so doing the acts described in the acts described herein, Defendants created the offensive, discriminatory work environment.  Defendants acted with a reckless disregard of the probability of causing severe emotional distress to the Plaintiff.

32.   Said Defendants, directly and proximately resulted in the Plaintiff suffering and continuing to suffer, extreme and severe anguish, humiliation, embarrassment, emotional distress, mental suffering, nervousness, tension, anxiety, and depression, substantial losses in salary, bonuses, job benefits, and other employment benefits which she would have received from said Defendant, plus expenses incurred in obtaining substitute employment and not being regularly employed for months, all to the Plaintiff's detriment in a sum within the jurisdiction of this court, to be ascertained according to proof.

33.   Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice or despicable conduct. Alternatively, Defendants' wrongful conduct was carried out with a conscious disregard of Plaintiff's rights. Further, Defendants' wrongful conduct was carried out and ratified by a managing agent; or an officer, a director, or a managing agent of the Company had advance knowledge of the unfitness of its decision-maker and employed him/her with a conscious disregard of Plaintiff's rights and/or authorized and/or ratified his conduct. As a result of Defendants' conduct, Plaintiff is entitled to recover punitive and exemplary damages in an amount commensurate with said Defendants' wrongful acts and

9

1 | sufficient to punish and deter future similarly reprehensible conduct.

2

3 |    WHEREFORE, the Plaintiff prays for the following relief, to be determined by a jury, as

4 | follows:

5 | For all Causes of Action:

6 |    1. General damages in an amount according to proof, but in excess of the minimum

7 | jurisdiction of this court;

8 |    2. For special damages in an amount according to proof, but in the excess of the minimum

9 | jurisdiction of this court, in order to compensate the Plaintiff for her loss of past and future

10 | earnings, and all damages flowing from the Plaintiff's loss of earnings, loss of job security, failure

11 | to properly advance within her career, damage to her reputation;

12 |    3. For all costs and disbursements incurred in this suit;

13 |    4. For such other and further relief as the Court deems just and proper;

14 |    5. For all interest as allowed by law;

15 |    6. Where available and proper, for all punitive damages that are just and reasonable.

16 | For the First and Second Causes of Action:

17 |    7. For attorneys fees and costs incurred pursuing this claim against Defendant allowed

18 | pursuant to *California Government Code* §12965.

19

20 |    Plaintiff hereby demands a jury trial.

21

22 | Dated: June 22, 2011                    LAW OFFICES OF MICHAEL T. CARR

23

24

25 |                    By: _____

26 |                    Michael T. Carr
                        Attorney for Plaintiff,
                        SHIRLEY BAZURTO

27

28

10

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**EXHIBIT 1**

# * * * EMPLOYMENT * * *

| COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT | DFEH # | E201011R8238-00 |
|---|---|---|
| | | DFEH USE ONLY |

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (Indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| **BAZURTO, SHIRLEY** | **(626)486-8393** |

| ADDRESS |
|---|
| **603 PARK SHADOW CT** |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **BALDWIN PARK, CA 91706** | **LOS ANGELES** | **037** |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| **WAL-MART STORE, INC., STORE #2292** | **(626)339-4161** |

| ADDRESS | DFEH USE ONLY |
|---|---|
| **1275 N AZUSA Ave.** | |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **COVINA, CA 91722** | **LOS ANGELES** | **037** |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) | RESPONDENT CODE |
|---|---|---|
| **100** | **04/06/2011** | **00** |

THE PARTICULARS ARE:

I allege that on about or before
**04/06/2011**, the following
conduct occurred:

| | | |
|---|---|---|
| X  termination | ____ denial of employment | ____ denial of family or medical leave |
| ____ laid off | ____ denial of promotion | ____ denial of pregnancy leave |
| ____ demotion | ____ denial of transfer | ____ denial of equal pay |
| ____ harassment | ____ denial of accommodation | ____ denial of right to wear pants |
| ____ genetic characteristics testing | ____ failure to prevent discrimination or retaliation | ____ denial of pregnancy accommodation |
| ____ constructive discharge (forced to quit) | X  retaliation | |
| ____ impermissible non-job-related inquiry | ____ other (specify) _____ | |

by    **WAL-MART STORE, INC., STORE #2292**

| Name of Person | Job Title (supervisor/manager/personnel director/etc.) |
|---|---|

because of :

| | | |
|---|---|---|
| ____ sex | ____ national origin/ancestry | X  disability (physical or mental) | ____ retaliation for engaging in protected |
| ____ age | ____ marital status | ____ medical condition (cancer or | activity or requesting a protected |
| ____ religion | ____ sexual orientation | genetic chrecteristic | leave or accommodation |
| ____ race/color | ____ association | X  other (specify)  I was fired in retaliation for medical leave | |

State of what you
believe to be the
reason(s) for
discrimination

I SUFFERED A HEART ATTACK AND HAD TO TAKE AN APPROXIMATE 1 MONTH LEAVE OF ABSENCE, AND SOON AFTER I RETURNED TO WORK, I WAS TERMINATED IN RETALIATION FOR TAKING A MEDICAL LEAVE OF ABSENCE AND FOR HAVING A PHYSICAL DISABILITY AND SERIOUS MEDICAL CONDITION.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  06/18/2011

At   Monrovia

DATE FILED:  06/18/2011

DFEH-300-03o (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

STATE OF CALIFORNIA - S.   AND CONSUMER SERVICES AGENCY                                    EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    Phyllis W. Cheng, Director
1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

June 18, 2011

BAZURTO, SHIRLEY
603 PARK SHADOW CT
BALDWIN PARK, CA 91706

RE:   E201011R8238-00
      BAZURTO/WAL-MART STORE, INC., STORE #2292

Dear BAZURTO, SHIRLEY:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 18, 2011 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two


DFEH does not retain case files beyond three years after a complaint is filed, unless the case
is still open at the end of the three-year period.

Sincerely,.

*Tina Walker*

Tina Walker
District Administrator

cc:   Case File


MIKE RICE
STORE MANAGER
WAL-MART STORE, INC., STORE #2292
1275 N AZUSA AVE.
COVINA, CA 91722

DFEH-200-43 (06/06)

# * * * EMPLOYMENT * * *

COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT

DFEH #    **E201011R8238-01**

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| **BAZURTO, SHIRLEY** | **(626)486-8393** |

ADDRESS

**603 PARK SHADOW CT**

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **BALDWIN PARK,CA,91706** | **LOS ANGELES** | **037** |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| **PARKER, SANDRA** | **(626)339-4161** |

| ADDRESS | DFEH USE ONLY |
|---|---|
| **1275 N. AZUSA AVE.** | |

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| **COVINA, CA 91722** | | |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) | RESPONDENT CODE | |
|---|---|---|---|
| 100 | 04/06/2011 | 01 | |

THE PARTICULARS ARE:

I allege that on about or before
04/06/2011 , the following
conduct occurred:

| | | |
|---|---|---|
| X termination | ___ denial of employment | ___ denial of family or medical leave |
| ___ laid off | ___ denial of promotion | ___ denial of pregnancy leave |
| ___ demotion | ___ denial of transfer | ___ denial of equal pay |
| ___ harassment | ___ denial of accommodation | ___ denial of right to wear pants |
| ___ genetic characteristics testing | ___ failure to prevent discrimination or retaliation | ___ denial of pregnancy accommodation |
| ___ constructive discharge (forced to quit) | X retaliation | |
| ___ impermissible non-job-related inquiry | ___ other (specify) | |

by  **PARKER, SANDRA**                          **ASSISTANT MANAGER**

Name of Person                          Job Title (supervisor/manager/personnel director/etc.)

because of :

| | | |
|---|---|---|
| ___ sex | ___ national origin/ancestry | X disability (physical or mental) | ___ retaliation for engaging in protected |
| ___ age | ___ marital status | ___ medical condition (cancer or | activity or requesting a protected |
| ___ religion | ___ sexual orientation | generic characteristic | leave or accommodation |
| ___ race/color | ___ association | X other (specify)  I was fired in retaliation for medical leave | |

State of what you
believe to be the
reason(s) for
discrimination

I SUFFERED A HEART ATTACK AND HAD TO TAKE AN APPROXIMATE 1 MONTH LEAVE OF ABSENCE, AND SOON AFTER I RETURNED TO WORK, I WAS TERMINATED IN RETALIATION FOR TAKING A MEDICAL LEAVE OF ABSENCE AND FOR HAVING A PHYSICAL DISABILITY AND SERIOUS MEDICAL CONDITION.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

By submitting this complaint I am declaring under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated  06/18/2011

At  Monrovia

DATE FILED:  06/18/2011

DFEH-300-03o (02/08)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

STATE OF CALIFORNIA - S.      AND CONSUMER SERVICES AGENCY                                    EDMUND G. BROWN, JR., Governor

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

Phyllis W. Cheng, Director

June 18, 2011

BAZURTO, SHIRLEY
603 PARK SHADOW CT
BALDWIN PARK,CA,91706

RE:   E201011R8238-01
      BAZURTO/PARKER, SANDRA, AS AN INDIVIDUAL

Dear BAZURTO, SHIRLEY:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 18, 2011 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Tina Walker*

Tina Walker
District Administrator

cc:   Case File

MIKE RICE
STORE MANAGER
WAL-MART STORE, INC., STORE #2292
1275 N. AZUSA AVE.
COVINA, CA 91722

DFEH-200-43 (06/06)

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY

EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

Phyllis W. Cheng, Director

1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

June 18, 2011

RE:  E201011R8238-01
     BAZURTO/PARKER, SANDRA, AS AN INDIVIDUAL

### NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the Department of
Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also enclosed is a copy of your
client's Notice of Case Closure, which constitutes your client's right-to-sue notice. Pursuant
to Government Code section 12962, DFEH will not serve these documents on the
employer.

Please refer to the enclosed Notice of Case Closure for information regarding filling a
private lawsuit in the State of California.

Sincerely,

Tina Walker
District Administrator

Enclosure:  Complaint of Discrimination
            Notice of Case Closure

DFEH-200-06 (01/08)

*first complaint*

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                    EDMUND G. BROWN, JR., Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1055 WEST 7TH STREET, SUITE 1400, LOS ANGELES, CA 90017
(213) 439-6770
www.dfeh.ca.gov

Phyllis W. Cheng, Director

June 18, 2011

RE:   E201011R8238-00
      BAZURTO/WAL-MART STORE, INC., STORE #2292

## NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the Department of
Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also enclosed is a copy of your
client's Notice of Case Closure, which constitutes your client's right-to-sue notice. Pursuant
to Government Code section 12962, DFEH will not serve these documents on the
employer.

Please refer to the enclosed Notice of Case Closure for information regarding filling a
private lawsuit in the State of California.

Sincerely,

Tina Walker
District Administrator

Enclosure:  Complaint of Discrimination
            Notice of Case Closure

DFEH-200-06 (01/08)