**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHIRLEY BAZURTO, an individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WAL-MART STORES, INC., a ) <br> Delaware corporation; ET AL., ) <br> ) <br> Defendants. ) <br> _____ ) | NO. CV 11-06252 ODW (SSx) <br><br><br> **MEMORANDUM AND ORDER RE: PARTIES'** <br> **STIPULATED PROTECTIVE ORDER** |

The Court has received and considered the parties' stipulated "Protective Order" (the "Protective Order"). The Court is unable to adopt the Protective Order as stipulated to by the parties for the following reasons:

First, the Protective Order does not establish the requisite good cause. <u>Pintos v. Pac. Creditors Ass'n</u>, 605 F.3d 665, 678 (9th Cir., <u>as amended</u> 2010) ("The relevant standard [for the entry of a protective order] is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." (internal quotation marks and alteration omitted)); <u>Foltz v. State Farm Mut. Auto Ins. Co.</u>, 331 F.3d

1122, 1130 (9th Cir. 2003) (court's protective order analysis requires examination of good cause (citing Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11, 1212 (9th Cir. 2002)).

The Court may only enter a protective order upon a showing of good cause. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006) (stipulating to protective order insufficient to make particularized showing of good cause, as required by Rule 26(c)); Phillips, 307 F.3d at 1210-11 (Rule 26(c) requires a showing of good cause for a protective order); Makar-Wellbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing).

In any revised stipulated protective order submitted to the Court, the parties must include a statement demonstrating good cause for entry of a protective order pertaining to the documents or information described in the order. The documents to be protected shall be specifically described and identified. The paragraph containing the statement of good cause should be preceded by the phrase: "GOOD CAUSE STATEMENT." **The parties shall articulate, for each document or category of documents they seek to protect, the specific prejudice or harm that will result from the disclosure of those particular documents if no protective order is entered**. Foltz, 331 F.3d at 1130.

Second, the Court will not agree to the procedure the parties propose for challenges to the designation of materials under the Protective Order. (Protective Order at 3, ¶ 9). Before seeking court intervention in any discovery matter, the parties must strictly comply

with the Central District's Local Rule 37. Both parties must timely file a written joint stipulation containing all issues in dispute. C.D. Cal. R. 37-2, 37-2.1. The form and preparation of this stipulation are expressly laid out in Local Rules 37-2.1 and 37-2.2. C.D. Cal. R. 37-2.1, 37-2.2. The Court will not consider the dispute unless the stipulation or a declaration from the moving party describing how the opposing party failed to cooperate in formulating the stipulation is timely filed. See C.D. Cal. R. 37-2.4.

Third, the Court reminds the parties that all future discovery documents filed with the Court shall include the following in the caption: "[Discovery Document: Referred to Magistrate Judge Suzanne H. Segal]."

Finally, the Court notes that its website contains additional guidance regarding protective orders. This information is available in Judge Segal's section of the link marked "Judges Procedures & Schedules." (See http://www.cacd.uscourts.gov/CACD/JudgeReq.nsf/2fb080863c88ab47882567c9007fa070/0141b1bcd8ee7f8488256bbb00542959?OpenDocument).

IT IS SO ORDERED.

DATED: September 12, 2011

/S/
_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE